[Cite as *State v. Lewis*, 2018-Ohio-3811.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27682 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-1224 |
| | : | |
| ROBERT B. LEWIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of September, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. No. 0080433, P.O. Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the August 8, 2017 Notice of Appeal of Robert Lewis. Lewis appeals from his August 4, 2017 Judgment Entry of Conviction, following a no contest plea, on one count of possession of heroin (less than 1 gram), in violation of R.C. 2925.11(A), a felony of the fifth degree.  Lewis was sentenced to community control sanctions for a period not to exceed five years.  Lewis asserts herein that the trial court erred in overruling his motion to suppress.  We hereby affirm the judgment of the trial court.

{¶ 2} On June 10, 2015, Lewis was indicted on one count of possession of heroin (Count I), as well as one count of possessing drug abuse instruments, in violation of R.C. 2925.12(A) (Count II), a misdemeanor of the second degree.  Lewis pled not guilty on September 29, 2015, and he filed his motion to suppress on October 21, 2015.

{¶ 3} A hearing on the motion to suppress was held on February 26, 2016.   At the hearing, Officer Gary Moser of the City of Dayton Police Department testified that, on April 25, 2015, around 9:00 p.m., he was working an overtime assignment in uniform at the Regional Transit Authority (RTA) hub at 4 South Main Street. He was in a two-man crew with Officer Joseph Watson, on foot.  Moser stated that his duties included enforcing police and RTA "policies."

{¶ 4} Moser testified that the RTA hub was "a very high-drug area," and he had previously made drug arrests at the hub.  Moser stated that, on April 25, 2015, he "observed the defendant and his son and they were on RTA property smoking cigarettes and there were posted no-smoking signs."  He testified that the "RTA has a designated area that's gated off and you can smoke in it."  Moser stated that Lewis and his son were

"on the Main Street side" of the hub, near the sidewalk. Moser testified that another posted sign in the area indicated "RTA property." He and his partner "made contact with [Lewis and his son] to let them know they were on RTA property and that they were smoking in a non-smoking area." After so advising the men, Moser testified that he "asked for their identification and they provided their social security number[s]." He stated that he asked for identification to confirm "they were not previously trespassed from the property or make sure they didn't have warrants." Moser testified that he checked the information the men provided "through our records through the portable radio because I was away from my cruiser." Moser's partner "located a hypodermic needle approximately three feet behind [the men] close to the front doors." Moser testified that he then "asked for consent to search them," and "both gave me verbal consent to search their person."

{¶ 5} On cross-examination, Moser stated that Lewis and his son were not free to leave when he approached them and advised them they could not smoke in the area where they stood. Moser stated that, when he approached, he "didn't know at the time if [he] was going to cite them for the smoking violation," and that he did not do so. He stated that he did not observe Lewis or his son throw down the needle.

{¶ 6} At the conclusion of the hearing, the court ordered the parties to submit briefs. On March 21, 2016, Lewis filed "Defendant's Memorandum in Support of Motion to Suppress." Lewis asserted that he was "detained for smoking a cigarette on the sidewalk in downtown Dayton. There is nothing illegal about this activity."

{¶ 7} On April 4, 2016, the State filed its "Response to Defendant's Post Motion to Suppress Brief." The State asserted as follows:

In the instant case, officers approached the Defendant to inform him that he was smoking in a non-designated smoking section. Thereafter, the officers obtained the Defendant's identifying information. There was no restraint on the liberty of the Defendant and there was no force being used by officers to detain the Defendant. There was no action by either officer which would lead the Defendant to believe he was not free to leave. Defendant was not detained at any point during the interaction with officers. * * * Officer [Moser] testified that he approached the Defendant and informed him that he was not permitted to smoke in the area he was smoking in. Officer [Moser] did not tell the Defendant that he was under arrest for smoking in the non-designated area or indicate to the Defendant that he was unable to leave.

* * * [C]ase law is clear that police officers do not have to have an objective justification for a consensual encounter when there is no restraint on the person['s] liberty. There was no restraint of the Defendant's liberty by physical force or by show of authority. Therefore, the encounter was consensual and the Defendant's motion to suppress should be OVERRULED in its entirety.

{¶ 8} On April 11, 2016, Lewis filed a "Reply Memorandum in Support of Motion to Suppress." Lewis asserted that the stop "was not a consensual encounter."

{¶ 9} On April 18, 2016, the trial court overruled Lewis's motion to suppress, indicating that it was "fully persuaded by the State's April 4 *Brief* and hereby adopts the Statement of Facts and conclusions of law contained in the *Brief*."

{¶ 10}  On April 28, 2016, Lewis entered his plea of no contest to possession of heroin, and the court found him guilty; the State dismissed the misdemeanor offense. Lewis was sentenced to community control sanctions for a period not to exceed five years, including an order to "complete drug intervention at the Secured Transitional Offender Program (STOP), in lieu of a 180 day residential community sanction."

{¶ 11} Lewis's sole assignment of error herein is as follows:

THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION TO SUPPRESS.

{¶ 12} Lewis asserts as follows:

* * * There was no testimony that any criminal activity was afoot other than smoking when officers approached.  There was no testimony that Appellant was armed or dangerous, had a pending warrant or was in any other way in violation of the law giving officers probable cause to search. Officer Moser did testify that his partner spotted a hypodermic needle lying on the ground approximately three feet from Appellant, but there was no testimony in the motion to suppress hearing linking it to Appellant. * * * Officer Moser further testified that Appellant gave him consent to search his person.  The trial court did not address the issue of consent, only the validity of the stop.  It is Appellant's position that the stop was illegal. Although Appellant was smoking near a no smoking sign, that is not a violation of the law, merely a violation of RTA policy as testified by Officer Moser. * * * The police were unable to provide any other reason for stopping Appellant.  However, Officer Moser did testify that Appellant was not free

to leave. * * * If he was not free to leave, then the investigatory detention was a violation of Appellant's Fourth Amendment rights because it was no longer a consensual encounter.

{¶ 13} Lewis directs our attention to *State v. Hawkins*, 2d Dist. Montgomery No. 25712, 2013-Ohio-5458.

{¶ 14} The State responds that "Lewis is unpersuasive," and that there "is no evidence to suggest this encounter was anything less than consensual." According to the State, Lewis's reliance on *Hawkins* is misplaced. The State argues as follows:

Here, the officers approached Lewis for the purpose of enforcing the RTA's smoking ban in the designated no-smoking section. While the officer may have testified that Lewis was not free to leave, no evidence was presented indicating that the officer told Lewis he wasn't free to leave. Additionally, the appropriate standard is whether the defendant felt free to leave, not whether the officer would allow him to leave. Tellingly, there is no evidence to suggest that Lewis did not feel free to end the encounter with the officers and leave. The officers did not use physical force nor did they, by show of authority, restrain Lewis.

{¶ 15} As this Court has previously noted:

In ruling on a motion to suppress, the trial court "assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses." *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d Dist.1994); *State v. Knisley*, 2d Dist. Montgomery No. 22897, 2010-Ohio-116, ¶ 30. Accordingly, when we

review suppression decisions, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Retherford* at 592, 639 N.E.2d 498. "Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard." *Id.*

The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Orr*, 91 Ohio St.3d 389, 391, 745 N.E.2d 1036 (2001). The law recognizes three types of police-citizen interactions: 1) a consensual encounter, 2) a brief investigatory stop or detention, and 3) an arrest. *State v. Millerton*, 2015-Ohio-34, 26 N.E.3d 317, ¶ 20 (2d Dist.).

Consensual encounters occur when the police merely approach a person in a public place and engage the person in conversation, and the person remains free not to answer and to walk away. *State v. Lewis*, 2d Dist. Montgomery No. 22726, 2009-Ohio-158, ¶ 21, citing *United States v. Mendenhall*, 446 U.S. 544, 553, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). Consensual encounters are not seizures, and the Fourth Amendment guarantees are not implicated in such an encounter. *State v. Taylor,* 106 Ohio App.3d 741, 747-749, 667 N.E.2d 60 (2d Dist.1995), citing *Mendenhall* at 554, 100 S.Ct. 1870.

Under *Terry*, police officers may briefly stop and/or temporarily detain

individuals in order to investigate possible criminal activity if the officers have a reasonable, articulable suspicion that criminal activity may be afoot. *State v. Swift*, 2d Dist. Montgomery No. 27036, 2016-Ohio-8191, ¶ 10. "An individual is subject to an investigatory detention when, in view of all the circumstances surrounding the incident, by means of physical force or show of authority, a reasonable person would have believed that he was not free to leave or [was] compelled to respond to questions." *Lewis* at ¶ 22, citing *Mendenhall* at 553, 100 S.Ct. 1870, and *Terry* at 19, 88 S.Ct. 1868.   Fourth Amendment protections are implicated in an investigatory detention, *i.e.*, a *Terry* stop.

In determining whether an individual engaged in a consensual encounter or was subject to an investigatory detention, the focus is on the police officer's conduct, not the subjective state of mind of the person stopped. *State v. Ramey*, 2d Dist. Montgomery No. 26705, 2016-Ohio-607, ¶ 25. As we stated in *State v. Ward*, 2017-Ohio-1391, 89 N.E.3d 124, ¶ 26 (2d Dist.):

> "A consensual encounter remains consensual even if police officers ask questions, ask to see the person's identification, or ask to search the person's belongings, provided 'the police do not convey a message that compliance with their requests is required.' " *[State v.] Westover*, 2014-Ohio-1959, 10 N.E.3d 211, at ¶ 15 [(10th Dist.)], quoting *[Florida v.] Bostick,* [501 U.S. 429, 435, 111 S.Ct. 2382, 115

L.Ed.2d 389 (1991)]. In this regard, "the crucial test is whether, taking into account all of the circumstances surrounding the encounter, the police conduct would 'have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business.' " *Bostick* at 437, 111 S.Ct. 2382, quoting *Michigan v. Chesternut*, 486 U.S. 567, 569, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988).

Whether a particular police encounter with a citizen is an investigative stop, as opposed to a consensual encounter, is fact-sensitive. *Id.* at ¶ 26; *State v. Satterwhite*, 2d Dist. Montgomery No. 15357, 1996 WL 156881, *3 (Apr. 5, 1996). "Factors that might indicate a seizure include the threatening presence of several police officers, the display of a weapon, some physical touching of the person, the use of language or tone of voice indicating that compliance with the officer's request might be required, approaching the person in a nonpublic place, and blocking the citizen's path." *State v. Cosby*, 177 Ohio App.3d 670, 2008-Ohio-3862, 895 N.E.2d 868, ¶ 13 (2d Dist.), citing *Mendenhall*.

*State v. Weisgarber*, 2d Dist. Montgomery No. 27525, 2017-Ohio-8764, ¶ 14-19.

**{¶ 16}** We cannot agree with Lewis that the "stop was illegal," and we conclude that Moser's encounter with Lewis was consensual. As the State asserted, the officers approached Lewis in an area open to the public, and expressly designated as non-smoking by the RTA, after they observed him smoking there. The officers engaged Lewis in conversation by advising him that he was prohibited from smoking in the area,

and they obtained his identifying information. Moser testified that Lewis consented to the search of his person, and we note that, at the suppression hearing, defense counsel advised the court that "[c]onsent is not the issue." The court responded that "we need not go into the consent, or actually, just the search itself. Just focusing on the locality of the interaction leading up to the search." While Moser testified that Lewis was not free to leave in the course of the encounter, focusing on Moser's conduct, as we must, we conclude that there was no evidence of physical force or show of authority attendant to a *Terry* stop. In other words, the factors indicating a seizure, as opposed to a consensual encounter, such as the threatening presence of several officers, the display of a weapon, the physical touching of a citizen's person, approaching a citizen in a non-public place, or blocking his path, or any language or tone indicating that compliance with an officer's request is required, are all absent herein. Lewis's liberty was not restrained, and the Fourth Amendment accordingly was not implicated in the consensual encounter.

{¶ 17} Finally, we agree with the State that Lewis's reliance upon *Hawkins* is misplaced. Therein, this Court reversed the judgment of the trial court overruling Hawkins's motion to suppress, finding that the detention of Hawkins, who was merely walking with another man in an area experiencing high drug activity, but doing nothing otherwise suspicious, was unlawful, and the subsequent pat down of Hawkins was not supported by reasonable suspicion that he was armed. *Hawkins* involved an unlawful detention, while Moser's encounter with Lewis, as analyzed above, was consensual. *Hawkins,* 2d Dist. Montgomery No. 25712, 2013-Ohio-5458, at ¶ 12.

{¶ 18} Lewis's assignment of error lacks merit, and it is accordingly overruled. The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P. J. and TUCKER, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Sarah E. Hutnik
Kirsten Knight
Hon. Dennis J. Langer